## WILL CHATHAM v. THE STATE.

No. 16183. Delivered January 10, 1934.
Reported in 67 S. W. (2d) 304.

The opinion states the case. ·

*John C. Patterson,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder; the punishment being assessed at two years in the penitentiary.

The party killed was Will Turner. He, appellant, and all the eye-witnesses were negroes. Late in the night Turner went to a dance and found a woman in a car near the house where the dance was in progress. He tried to get her out of the car, and some trouble occurred between them. Some of the witnesses say he struck her; others deny this. The woman made an outcry. Appellant, by his words, protested the treatment of the woman. Turner resented the interference. Some witnesses say deceased turned towards appellant and asked him who he was, and that appellant then fired upon him at a time when deceased was making no hostile demonstration. Appellant and his witnesses claim that as deceased turned he took a step toward appellant and made a movement with his hand which appellant says led him to believe the deceased was drawing a pistol, and that appellant fired, believing his life was in danger.

The only bill of exception complains that the court overruled appellant's request for a continuance or postponement until the arrival of a witness named Lockley. The request must have been based upon the provisions of article 551, C. C. P., which permits, under certain contingencies, a continuance or postponement after the trial has begun. No continuance had originally been sought because of the absence of Lockley, and there is no showing that appellant had gone into the trial expecting said witness to arrive before the trial was concluded, or if so, that the court had been apprised of such fact. The application was presented at 4:15 P. M. It stated that the witness had been subpoenaed. There was attached to the application a telegram stating that the witness was on his way to attend court but had car trouble at Cisco and would arrive as soon as possible. The court withheld a ruling on the application until 7:30 P. M., more than three hours after it had been submitted, at which time the application was overruled and the case was submitted to the jury. It is stated in the application that if present Lockley would testify that he was at the scene of the murder and an eye-witness to the shooting and the difficulty which led up to the shooting and that he would testify

"that the deceased cursed defendant and turned upon him in a manner and accompanied with such movements of the hand that would and did lead the defendant to believe that deceased was attempting to reach for a gun, and that such action on the part of the deceased was of such nature that it would have led an ordinary person under the circumstances to have believed that deceased was about to shoot the defendant." It will be noted that no fact is stated to which witness would testify regarding the movements of the deceased. His proposed testimony on that point consists entirely of conclusions of the witness and his opinion as to the effect of deceased's movements upon appellant. If the witness ever arrived it would have been easy to have secured his affidavit showing what facts he really would have testified to, and if then deemed material, to have attached said affidavit to the motion for new trial in order that the trial court and this court might be apprised of what testimony he would in fact have given. No such affidavit appears in the record.

In view of the vague and uncertain statements in the application as to what evidence was expected from the absent witness, we think the learned trial court cannot be held to have abused his discretion in declining to further delay the trial.

The judgment is affirmed.

*Affirmed.*